UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
NEW RIVINGTON PROPERTIES LLC, and RIVINGTON
HOUSE-THE NICHOLAS A. RANGO HEALTH CARE
FACILITY d/b/a MANHATTAN CENTER FOR
NURSING AND REHABILITATION

                                     Plaintiffs         COMPLAINT

    -against -                                                 Civil Action No.:

EXECUTIVE RISK INDEMNITY INC. and
CHUBB

                                       Defendant
-------------------------------------------------------------------------------x

Plaintiffs, NEW RIVINGTON PROPERTIES LLC, and RIVINGTON HOUSE-THE NICHOLAS A. RANGO HEALTH CARE FACILITY d/b/a MANHATTAN CENTER FOR NURSING AND REHABILITATION (Plaintiffs collectively referred to herein as RIVINGTON) by their attorneys, MARGULIES and ASSOCIATES PLLC, set forth the following as and for their Complaint against Defendants, and alleges as follows:

THE PARTIES and DIVERSITY JURISDICTION

1. At all times hereinafter mentioned, Plaintiff NEW RIVINGTON PROPERTIES LLC was and still is a domestic limited liability company, and Plaintiff RIVINGTON HOUSE-THE NICHOLAS A. RANGO HEALTH CARE FACILITY d/b/a MANHATTAN CENTER FOR NURSING AND REHABILITATION was and still is a domestic not for profit corporation, both doing business and having offices at the time of this Complaint in the County of Kings, City and State of New York (Plaintiffs sometimes collectively referred to herein as RIVINGTON).

2. At all times hereinafter mentioned, Defendant EXECUTIVE RISK INDEMNITY INC.

(EXECUTIVE) was and still is a non-domestic insurance company, with main offices at 15 Mountain View Road, Warren, New Jersey, and incorporated in the State of Delaware.

3. At all times herein mentioned, Defendant EXECUTIVE was and still is a member of the CHUBB Group of Insurance Companies, and for purposes herein, the defendants are sometimes collectively referred to herein as CHUBB.

4. At all times hereinafter mentioned, CHUBB has its insurance headquarters at 15 Mountain View Road, Warren, New Jersey, and is incorporated in Zurich, Switzerland.

5. This Court has subject matter jurisdiction under 28 U.S.C. 1332, since the parties hereto are citizens of two separate states, plaintiffs are incorporated and doing business in New York State, and defendant EXECUTIVE has a main office in New Jersey and is incorporated in the state of Delaware, and defendant CHUBB has a main office in New Jersey and is incorporated in Zurich, Switzerland, and therefore there is complete diversity of the parties. In addition, the controversy herein exceeds $75,000

## THE INSURANCE POLICY

6. CHUBB issued a Power Source insurance policy insuring RIVINGTON, under Policy number 8242-6387, for the period April 14, 2015 to April 14, 2016, with an Extended Reporting Period to April 14, 2017 (The Policy). The Policy provided, *inter alia,* Directors & Officers Liability and Entity Liability coverage (D & O Coverage) with an aggregate limit of liability of $1,000,000.00, with defense costs and expenses being a part of, and not in addition to, the limit of The Policy (Defense Costs).

7. The Policy contains an Endorsement/Rider No. 3, which amends The Policy to provide that D & O Coverage contains a limit of liability for Claims for Regulatory Wrongful Act of $1,000,000.00 and the Claims for Regulatory Wrongful Acts are subject to a

deductible amount of $1,000,000 pursuant to Endorsement/Rider 3 (2)(j)(C). To the extent that any covered loss resulting from a claim for Regulatory Wrongful Act is in excess of the applicable deductible amount, the Insured shall bear uninsured and at their own risk 50% and the Insurer's liability shall apply only to the remaining percentage of such Loss, pursuant to Endorsement/Rider 3 (2)(j)(B).

8. The Policy defines Regulatory Wrongful Act, as "any actual or alleged violation by an Insured of the responsibilities, obligations or duties imposed by the Federal False Claims Act, or any similar federal, state or local statutory law or common law anywhere in the world, any federal, state or local anti-kickback, self-referral or healthcare fraud and abuse law anywhere in the world, or amendments to or regulations promulgated under any such law."

9. Endorsement/Rider 3 (2)(j)(F)(1) provides that with respect to any Claim for Regulatory Wrongful Act, "It shall be the duty of the Insured and not the duty of the Company (Insurer) to defend Claims made against the Insured."

10. Endorsement/Rider 3 (2)(j)(F)(3) provides that with respect to any Claim for Regulatory Wrongful Act, "The Insured agrees not to settle or offer to settle any Claim, incur any Defense Costs......without the Company's prior written consent. The Company shall not be liable for any settlements made, for any element of Loss incurred, for any obligation assumed....without the Company's prior written consent. Provided the Insureds comply with Subparagraphs (4) and (5) below, the Company shall not unreasonably withhold any such consent."

11. Subparagraphs (4) is contained in Endorsement/Rider 3 (2)(j)(F)(4) as follows: "With respect to any Claim that appears reasonably likely to be covered in whole or in part

under this coverage section, the Company shall have the right and shall be given the opportunity to effectively associate with the Insureds, and shall be consulted in advance by the Insureds, regarding the investigation, defense and settlement of such Claim, including but not limited to selecting appropriate defense counsel and negotiating any settlement."

12. Subparagraph (5) is contained in Endorsement/Rider 3 (2)(j)(F)(5) as follows: "The Insureds agree to provide the Company with all information, assistance and cooperation which the Company may reasonably require and agree that in the event of a Claim the Insureds will do nothing that could prejudice the Company's position or its potential or actual rights of recovery."

## THE UNDERLYING CLAIM

13. In or about March and April 2016, and for a period of time around these dates, RIVINGTON, and several individuals who were members, officers and directors of RIVINGTON, including Joel Landau, Stephanie Rodriguez, Tzvi Licht, Yshaya Altman, and Aron Porges, were served with various Subpoenas, from the State of New York office of the Attorney General Medicaid Fraud Control Unit (The Subpoenas).

14. The Subpoenas, and the matters which were under investigation against RIVINGTON, underlying the Subpoenas, were each a covered Claim under the Regulatory Wrongful Act section of The Policy (The Claim).

15. RIVINGTON required immediate and continuing legal services to represent it, in connection with the defense of the investigations underlying The Subpoenas and The Claim.

16. Beginning in or about April 2016, and continuing thereafter on a regular basis for over

one year, RIVINGTON retained and paid two law firms, Dechert and Brune Law, to represent it, and its members, officers and directors, in connection with The Claim (Paid Defense Costs).

17. In or about early July 2016, RIVINGTON gave notice to CHUBB about the Subpoenas and the underlying investigation (Notice of The Claim).

18. On or about July 6, 2016, CHUBB gave written acknowledgment of receipt of the Notice of The Claim, and of documents underlying The Claim (The Initial Chubb Letter).

19. Following The Initial Chubb Letter, Chubb had subsequent telephone and written correspondence with Plaintiffs and/or attorney(s) and/or insurance broker(s) for Plaintiffs.

20. Such subsequent additional written correspondences from Chubb to Plaintiffs includes, and may not be limited to, a letter dated May 8, 2017, an email dated August 17, 2017, an email dated September 29, 2017, an email dated October 2, 2017, an email dated May 30, 2018, an email dated May 31, 2018, an email dated June 5, 2018, a letter dated July 9, 2018, and two emails dated July 9, 2018.

21. Following The Initial Chubb Letter, CHUBB agreed that certain defense costs incurred by RIVINGTON, are covered under The Policy.

22. At some point following The Initial Chubb Letter, CHUBB consented to RIVINGTON's retention and use of the Dechert and Brune Law firms services to defend RIVINGTON and its members, officers and directors regarding The Claim.

23. At all times referenced herein, RIVINGTON agreed to provide, and did provide CHUBB with all information, assistance and cooperation which the CHUBB may reasonably have required, and RIVINGTON did nothing that could prejudice the CHUBB's position or its potential or actual rights of recovery.

24. At all times referenced herein, CHUBB did have the right and was given the opportunity to effectively associate with RIVINGTON, and was consulted in advance by RIVINGTON, regarding the investigation, defense and settlement of The Claim, including but not limited to selecting appropriate defense counsel and negotiating any settlement.

25. At some point, CHUBB decided that it would cover, pay, reimburse and/or apply towards the deductible certain Defense Costs paid by RIVINGTON, to Dechert and Brune Law, which, CHUBB decided, were defense costs for services rendered after its receipt of the Notice of The Claim (The Post July 6 2016 Defense Costs).

26. At some point, CHUBB decided that it would not cover, pay, reimburse, and/or apply towards the deductible certain Defense Costs paid by RIVINGTON, to Dechert and Brune Law, which, CHUBB decided, were defense costs for services rendered before its receipt of the Notice of The Claim (The Pre July 6 2016 Defense Costs).

27. The Post July 6 2016 Defense Costs, as of the date of this Complaint, total approximately $681,813.24, which amount is to be applied towards the $1 million retention under The Policy, leaving an approximate amount left of the retention to be approximately $318,186.76 (the Unused Retention Amount)

28. The Pre July 6 2016 Defense Costs, as of the date of this Complaint, include Dechert invoice 1291280 in the sum of $402,548.99; Dechert invoice 1298059 in the sum of $354,528.39; Dechert invoice 1293972 in the sum of $254,800.18; Brune invoice 119 in the sum of $111,392.54; Brune invoice 99 in the sum of $137,646.04; and Brune invoice 66 in the sum of $36,388.50 all of which invoices total an approximate sum of $1,297,304.64.

29. The Pre July 6 2016 Defense Costs, less the Unused Retention Amount, totals approximately $979,117.88.

30. Pursuant to The Policy, CHUBB's responsibility and liability to pay RIVINGTON is approximately $489,558.94, which is 50% of the difference between the Pre July 6 2016 Defense Costs and the Unused Retention Amount, subject to a $1 million limit.

31. RIVINGTON has made demand for CHUBB to cover, pay, reimburse, and/or apply towards the deductible all defense costs, including The Pre July 6 2016 Defense Costs, and The Post July 6 2016 Defense Costs.

32. Notwithstanding the demand, CHUBB has refused to cover, pay, reimburse and/or apply towards the deductible the Pre July 6 2016 Defense Costs, claiming that "Chubb will not reimburse, in whole or in part, for services rendered prior to notice to Chubb."

### AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT

33. Plaintiffs repeat and re-allege all assertions and allegations noted in paragraphs 1 through 32 herein, with the full force and effect as if fully set forth herein.

34. CHUBB's refusal to cover, pay, reimburse and/or apply towards the deductible The Pre July 6 2016 Defense Costs is a breach of The Policy and a breach of contract.

35. Plaintiffs have fully performed under The Policy.

36. Accordingly, CHUBB has caused damages to RIVINGTON, and is fully liable and responsible to cover, pay, reimburse, and/or apply towards the deductible all of The Pre July 6 2016 Defense Costs, which should result in payment from CHUBB to RIVINGTON in the sum of at least approximately $489,558.94, together with interests, costs, and expenses, plus the costs of prosecuting this action, and all other damages as allowed under New York law.

## AS AND FOR A SECOND CAUSE OF ACTION IN DECLARATORY JUDGMENT

37. Plaintiffs repeat and re-allege all assertions and allegations noted in paragraphs 1 through 36 herein, with the full force and effect as if fully set forth herein.

38. Plaintiff is entitled to a Declaratory Judgment that CHUBB has breached its contractual duties and obligations, including those regarding providing for and paying defense costs, and for an Order compelling CHUBB to cover, pay, reimburse, and/or apply towards the deductible all of The Pre July 6 2016 Defense Costs, and for CHUBB to pay the costs incurred by RIVINGTON in prosecuting this instant action, and for such other and further relief as may be allowed under New York law.

39. Accordingly, CHUBB is fully liable and responsible to cover, pay, reimburse, and/or apply towards the deductible all of The Pre July 6 2016 Defense Costs, which should result in payment from CHUBB to RIVINGTON in the sum of at least approximately $489,558.94, together with interests, costs, and expenses, plus the costs of prosecuting this action, and all other damages as allowed under New York law.

WHEREFORE, RIVINGTON respectfully request this court to declare judgment, damages and remedies in favor of plaintiffs and as against defendants, both in equity and law, and award such damages and remedies as proved, and such costs and expenses and interest of this litigation as allowable.

Dated: New York, New York
       January 14, 2019

                                              ROBERT MARGULIES (3335)
                                              MARGULIES and ASSOCIATES
                                              Attorneys for Plaintiffs
                                              RIVINGTON
                                              170 Old Country Road, Suite 307
                                              Mineola, New York 11501
                                              (212) 964-3400

To:

EXECUTIVE RISK INDEMNITY INC. and
CHUBB
15 Mountain View Road,
Warren, New Jersey

CHUBB
c/o North American Financial Lines Claims
82 Hopmeadow Street
Simsbury, CT 06070

Civil Action No:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NEW RIVINGTON PROPERTIES LLC, and RIVINGTON HOUSE-THE NICHOLAS A. RANGO HEALTH CARE FACILITY d/b/a MANHATTAN CENTER FOR NURSING AND REHABILITATION

                                                  Plaintiffs

-against-

EXECUTIVE RISK INDEMNITY INC. and CHUBB

                                                  Defendants

---

## SUMMONS AND COMPLAINT

---

**Margulies and Associates**
*Attorneys for Plaintiff*
**170 Old Country Road, Suite 307
Mineola, New York 11501
(212) 964-3400**

---

TO:

EXECUTIVE RISK INDEMNITY INC. and
CHUBB
15 Mountain View Road,
Warren, New Jersey

CHUBB
c/o North American Financial Lines Claims
82 Hopmeadow Street
Simsbury, CT 06070