UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NEW RIVINGTON PROPERTIES LLC, and
RIVINGTON, HOUSE-THE NICHOLAS A. RANGO
HEALTH CARE FACILITY d/b/a MANHATTAN
CENTER FOR NURSING AND REHABILITATION; and
ALPHA REHABILITATION SERVICES LLC, ALLURE
REHABILITATION SERVICES LLC and ALLURE
CARE MANAGEMENT LLC DBA THE ALLURE
GROUP; and JOEL LANDAU, SOLOMON RUBIN and
MARVIN RUBIN,

Docket No.: 1:19-cv-00362

**ANSWER TO FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiffs,

  -against-

EXECUTIVE RISK INDEMNITY INC. and
CHUBB,

       Defendants.
-----------------------------------------------------------------------X

Defendant EXECUTED RISK INDEMNITY INC. ("ERI") a/s/h/a "CHUBB" by their attorneys London Fischer, LLP set forth the following as and for their Answer to the First Amended Complaint and allege as follows:

### THE PARTIES AND DIVERSITY JURISDICTION

  1. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1" of the First Amended Complaint.

  2. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "2" of the First Amended Complaint.

  3. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "3" of the First Amended Complaint.

{N1491716.3 }

4. Deny each and every allegation set forth in paragraph "4" of the First Amended Complaint, except to admit that ERI is an Insurance Company organized in the State of Delaware with a principal place of business in Philadelphia, Pennsylvania.

5. Deny each and every allegation set forth in paragraph "5" of the First Amended Complaint, except to admit that ERI is associated with a group of operating companies sometimes known as the "Chubb Group of Insurance Companies".

6. Deny each and every allegation set forth in paragraph "6" of the First Amended Complaint, except to admit that Chubb Limited, the ultimate parent of ERI is incorporated in Switzerland and has a principal place of business in Bermuda.

7. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "7" of the First Amended Complaint, except to admit that ERI is a citizen of Pennsylvania and Delaware and authorized to do business in New York State.

## THE RIVINGTON INSURANCE POLICY

8. Deny each and every allegation set forth in paragraph "8" of the First Amended Complaint, except to admit that ERI issued policy 8242-6387 to New Rivington Properties LLC; Rivington House – The Nicholas Rivington Health Care Facility d/b/a Manhattan Center for Nursing and Rehabilitation ("New Rivington Policy") and respectfully refer to the policy for its terms and conditions.

9. Deny each and every allegation set forth in paragraph "9" of the First Amended Complaint, except to admit that Endorsement/Rider No.:3 of the new Rivington policy amends the Power Source General Terms and Conditions by *inter alia*, providing "the following subsection is added … claims for Regulatory Wrongful Act …" and respectfully refer to the New Rivington Policy for its terms and conditions.

{N1491716.3 }

10. Deny each and every allegation set forth in paragraph "10" of the First Amended Complaint, except to admit that Regulatory Wrongful Act is denied in Endorsement/Rider No.: 3 of the New Rivington Policy and respectfully refer to the New Rivington Policy for its terms and conditions.

11. Deny each and every allegation set forth in paragraph "11" of the First Amended Complaint, except to admit that the New Rivington Policy contains language similar to the quoted language and refer to the New Rivington Policy for its terms and conditions.

12. Deny each and every allegation set forth in paragraph "12" of the First Amended Complaint, except to admit that The New Rivington Policy contains language similar to the quoted language and refer to the New Rivington Policy for its terms and conditions.

13. Deny each and every allegation set forth in paragraph "13" of the First Amended Complaint, except to admit that the policy contains the quoted language and respectfully refer to The New Rivington Policy for its terms and conditions.

14. Deny each and every allegation set forth in paragraph "14" of the First Amended Complaint, except to admit that the policy contains the quoted language and respectfully refer to The New Rivington Policy for its terms and conditions.

THE ALPHA/ALLURE INSURANCE POLICY

15. Deny each and every allegation set forth in paragraph "15" of the First Amended Complaint, except to admit that ERI issued policy 8241-8445 to Allure Rehabilitation Services LLC; Allure Care Management, LLC for the period December 10, 2015 to December 10, 2016 ("Allure Policy") and respectfully refer to the Allure Policy for its terms and conditions.

16. Deny each and every allegation set forth in paragraph "16" of the First Amended Complaint, except to admit that the Allure Policy contains the quoted language and respectfully refer to the Allure Policy for its terms and conditions.

17. Deny each and every allegation set forth in paragraph "17" of the First Amended Complaint, except to admit that the Allure Policy contains the quoted language and respectfully refer to the Allure Policy for its terms and conditions.

18. Deny each and every allegation set forth in paragraph "18" of the First Amended Complaint, except to admit that the Allure Policy contains the quoted language and respectfully refer to the Allure Policy for its terms and conditions.

19. Deny each and every allegation set forth in paragraph "19" of the First Amended Complaint, except to admit that item 3 of The Declarations of The Allure Policy provides, *inter alia,* "The Combined Maximum Aggregate Limit of Liability for all claims under all sections shall be: $1,000,000" and respectfully refer to the Allure Policy for its terms and conditions.

20. Deny each and every allegation set forth in paragraph "20" of the First Amended Complaint, except to admit that the Allure Policy provides coverage for a "D&O Claim" as defined in the Allure Policy and subject to the terms and conditions of the Allure Policy.

21. Deny each and every allegation set forth in paragraph "21" of the First Amended Complaint, except to admit that Section VI of the Directors and Officers Liability Coverage Section of the Allure Policy contains language similar to the quoted language and to refer to the Allure Policy for its terms and conditions.

22. Deny each and every allegation set forth in paragraph "22" of the First Amended Complaint and refer to the Allure Policy.

23. Deny each and every allegation set forth in paragraph "23" of the First Amended Complaint, except to admit that Sections IV of the Directors and Officers Liability Corporate Section of the Allure Policy contains language similar to the quoted language and to respectfully refer to the Allure Policy for its terms and conditions.

24. Deny each and every allegation set forth in paragraph "24" of the First Amended Complaint and respectfully refer to the Allure Policy for its terms and conditions.

25. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "25" of the First Amended Complaint.

## THE UNDERLYING CLAIM AGAINST RIVINGTON

26. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "26" of the First Amended Complaint, except to admit that ERI received notice of certain subpoenas from Dechert LLP on or about September 16, 2016.

27. Deny each and every allegation set forth in paragraph "27" of the First Amended Complaint and respectfully refer to the New Rivington Policy for its terms and conditions, except to admit that ERI recognized coverage under the New Rivington Policy by letter dated July 9, 2016 subject to their terms and conditions of the New Rivington Policy.

28. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "28" of the First Amended Complaint and respectfully refer all questions of law to the Court.

29. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "29" of the First Amended Complaint, except to

admit that counsel was retained before notice was provided to ERI and without notice or the prior consent of ERI.

30. Denies the allegations contained in paragraph "30" of the First Amended Complaint except to admit that ERI received notice of The Rivington Claim on or around July 5, 2016.

31. Deny each and every allegation set forth in paragraph "31" of the First Amended Complaint, except to admit that ERI acknowledged notice of The Rivington Claim by letter dated July 6, 2016.

32. Deny each and every allegation set forth in paragraph "32" of the First Amended Complaint, except to admit that ERI communicated with New Rivington and its representatives.

33. Deny each and every allegation set forth in paragraph "33" of the First Amended Complaint, except to admit that ERI communicated with New Rivington and respectfully refer the Court to the emails and communications for their contents.

34. Deny each and every allegation set forth in paragraph "34" of the First Amended Complaint, except to admit that ERI determined that certain defense costs fell within the scope of the New Rivington Policy grant of coverage and that such costs were applied against the $1 Million retention of the New Rivington Policy.

35. Deny each and every allegation set forth in paragraph "35" of the First Amended Complaint.

36. Deny knowledge or information sufficient to form a believe as to the truth of each and every allegation set forth in paragraph "36" of the First Amended Complaint.

37. Deny each and every allegation set forth in paragraph "37" of the First Amended Complaint.

{N1491716.3 }

38. Deny each and every allegation set forth in paragraph "38" of the First Amended Complaint, except to admit that ERI determined that certain defense costs fell within the scope of the New Rivington Policy grant of coverage.

39. Deny each and every allegation set forth in paragraph "39" of the First Amended Complaint, except to admit that ERI determined that certain defense costs did not fall within scope of the New Rivington Policy grant of coverage.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the First Amended Complaint except to admit that ERI received invoices for purported post-tender defenses costs and that such amounts do not exceed the $1 Million retention of the New Rivington Policy.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the First Amended Complaint, except to admit that ERI received the invoices alleged in paragraph "41".

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the First Amended Complaint except to admit that ERI received invoices for pre-tender defense costs and that such amounts do not apply to satisfy the $1 Million retention of the New Rivington Policy.

43. Denies the allegations contained in paragraph "43" of the First Amended Complaint and ERI submits all questions of law to the Court.

44. Admits the allegations contained in paragraph "44" of the First Amended Complaint.

45. Denies the allegations contained in paragraph "45" of the First Amended Complaint except to admit that amounts incurred without notice to ERI do not fall within the New

{N1491716.3 }

Rivington Policy grant of coverage and do not reduce the $1 Million retention of the New Rivington Policy.

## THE UNDERLYING CLAIM AGAINST ALPHA/ALLURE and THE ALPHA/ALLURE EXECUTIVES

46.   Denies knowledge or information sufficient to form a belief concerning the allegations in paragraph "46" of the First Amended Complaint.

47.   Denies knowledge or information sufficient to form a belief concerning the allegations in Paragraph "47" of the First Amended Complaint, and ERI respectfully refers the Court to the Subpoenas themselves.

48.   Deny each and every allegation set forth in paragraph "48" of the First Amended Complaint and refer to the Allure Policy for its terms and conditions, except to admit that ERI recognized coverage under the Allure Policy by letter dated May 12, 2017 subject to the terms and conditions of the Allure Policy.

49.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "49" of the First Amended Complaint and respectfully refer all questions of law to the Courts.

50. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "50" of the First Amended Complaint.

51. Deny the allegations in paragraph "51" of the First Amended Complaint except to admit that ERI first received notice of subpoena directed to Allure by letter dated November 7, 2016 and refer to the documents for their contents.

52. Deny the allegations in paragraph "52" of the First Amended Complaint, except to admit that ERI acknowledged receipt of the documents submitted to it by letter dated November 7, 2016 by letter dated November 9, 2016.

53. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "53" of the First Amended Complaint and respectfully refer to the referenced documents for the contents thereof.

54. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "54" of the First Amended Complaint and respectfully refer to the referenced documents for the contents thereof.

55. Deny each and every allegation set forth in paragraph "55" of the First Amended Complaint and refer to the Allure Policy for its terms and conditions, except to admit that ERI recognized coverage under the Allure Policy by letter dated May 12, 2017 subject to the terms and conditions of the Allure Policy.

56. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "56" of the First Amended Complaint and respectfully refer all questions of law to the Courts.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" except to admit that ERI reimbursed coverage expenses incurred in connection with the Brooklyn Lawsuit and the Manhattan Lawsuits subject to the terms and conditions of the Allure Policy.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" except to admit that ERI has been provided with an Assurance of Discontinuance Agreement dated on or about November 2017 and refer to the written document for its contents.

59. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "59" of the First Amended Complaint.

60. Deny each and every allegation set forth in paragraph "60" of the First Amended Complaint and refer to the Allure Policy for its terms and conditions.

61. Deny each and every allegation set forth in paragraph "61" of the First Amended Complaint and refer to the Allure Policy for its terms and conditions.

62. Deny the allegations set forth in paragraph "62" of the First Amended Complaint accept to admit that ERI has paid $1,000,000 pursuant to the terms of the Allure Policy.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT UNDER THE RIVINGTON POLICY

63. Answering paragraph "63" of the First Amended Complaint the answering Defendant repeats, reiterates and realleges each and every admission, denial and denial of the knowledge or information sufficient to form a belief set forth previously to paragraphs "1" through "62" of the First Amended Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

64. Deny each and every allegation set forth in paragraph "64" of the First Amended Complaint.

65. Deny each and every allegation set forth in paragraph "65" of the First Amended Complaint.

66. Deny each and every allegation set forth in paragraph "66" of the First Amended Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT UNDER THE RIVINGTON POLICY

67. Answering paragraph "67" of the First Amended Complaint the answering

{N1491716.3}

Defendant repeats, reiterates and realleges each and every admission, denial and denial of the knowledge or information sufficient to form a belief set forth previously to paragraphs "1" through "66" of the First Amended Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

68. Deny each and every allegation set forth in paragraph "68" of the First Amended Complaint.

69. Deny each and every allegation set forth in paragraph "69" of the First Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT UNDER THE ALPHA/ALLURE POLICY

70. Answering paragraph "70" of the First Amended Complaint the answering Defendant repeats, reiterates and realleges each and every admission, denial and denial of the knowledge or information sufficient to form a belief set forth previously to paragraphs "1" through "69" of the First Amended Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

71. Deny each and every allegation set forth in paragraph "71" of the First Amended Complaint.

72. Deny each and every allegation set forth in paragraph "71" of the First Amended Complaint

73. Deny each and every allegation set forth in paragraph "71" of the First Amended Complaint.

{N1491716.3}

## AS AND FOR A FOURTH CAUSE OF ACTION IN DECLARATORY JUDGMENT UNDER THE ALPHA/ALLURE POLICY

74. Answering paragraph "74" of the First Amended Complaint the answering defendant repeats, reiterates and realleges each and every admission, denial and denial of the knowledge or information sufficient to form a belief set forth previously to paragraphs "1" through "73" of the First Amended Complaint herein, with the same force and effect as if the same were fully set forth herein at length.

75. Deny each and every allegation set forth in paragraph "75" of the First Amended Complaint.

76. Deny each and every allegation set forth in paragraph "76" of the First Amended Complaint

## AFFIRMATIVE DEFENSES

ERI asserts the following affirmative defenses and other defenses without assuming any burden of proof or persuasion that would otherwise remain with Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE
(Contract Terms, Exclusions, Conditions and Limitations)

Plaintiffs' claims against ERI are barred, in whole or in part, by the terms, exclusions, conditions, endorsements and limitations of the Allure Policy and/or the New Rivington Policy.

### SECOND AFFIRMATIVE DEFENSE
(Self-Insured Retention)

Plaintiffs' claims are barred in whole or in part because the Insured has not satisfied the $1 Million self-insured retention of the New Rivington Policy and satisfaction of the deductible or self-insured retention "by the Insureds uninsured and at their own risk" is a condition precedent to coverage under the New Rivington Policy pursuant to Section VI(A).

{N1491716.3 }

## THIRD AFFIRMATIVE DEFENSE
(Fees and Expenses of Action)

No party is entitled to recover from ERI for its costs, expenses or attorneys' fees in this action.

## FOURTH AFFIRMATIVE DEFENSE
(Consent)

Plaintiffs' claims against ERI are barred by Section IX(A)(1) and IX(A)(3) of the General Terms and Conditions Section of the New Rivington Policy and the Allure Policy, which requires that "[n]o Insured shall…incur any Defense Costs …without the Company's written consent…The Company shall not be liable for any…Defense Costs…to which it has not consented."

## FIFTH AFFIRMATIVE DEFENSE
(Notice)

Plaintiff's claims against ERI are barred by Section VII(A)(1) of the General Terms and Conditions Sections of the New Rivington Policy and the Allure Policy which require that "Any Insured shall, as a condition precedent to exercising their rights under any Liability Coverage Section, give to the Company written notice as soon as practicable of any Claim."

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs are entitled to any recovery for Defense Costs, which is denied, then Plaintiffs are not entitled to recover Defense Costs incurred prior to the time that notice of the Claims(s) was provided to ERI in accordance with the terms and conditions of the New Rivington Policy and/or the Allure Policy.

## SEVENTH AFFIRMATIVE DEFENSE
(Exclusion)

Plaintiffs' claims against ERI are barred, in whole or in part, by Sections II (L)(2) and II (L)(3) of the coverage section of the New Rivington Policy and the Allure Policy which provide that "Loss

does not include … matters uninsurable under the law pursuant to which this Policy is construed…" and "penalties or similar monetary awards, taxes or fines imposed by law, or the multiplied portion of any multiplied damage award."

### EIGHTH AFFIRMATIVE DEFENSE
(Not an Insured)

Plaintiffs' claims against ERI are barred, in whole or in part, to the extent it is seeking recovery for Loss, injury, or damages sustained by organizations, entities, or individuals that do not qualify as an Insured under the New Rivington Policy or the Allure Policy, respectively.

### NINTH AFFIRMATIVE DEFENSE
(Exclusion)

Plaintiffs' claims are barred, in whole or in part, by Section III (A)(4) of the New Rivington Policy and the Allure Policy, which exclude coverage for any claim for …damage to or destruction of any tangible property including loss of use thereof …"

### TENTH AFFIRMATIVE DEFENSE
(Exclusion)

Plaintiffs' claims are barred, in whole or in part, by Section III (D)(2) of the New Rivington Policy and the Allure Policy, which exclude coverage for any Insured Organization Claim based upon, arising from, or in consequence of any actual or alleged liability of an Insured Organization under any written or oral contract or agreement…"

### ELEVENTH AFFIRMATIVE DEFENSE
(Exclusion)

Plaintiffs' claims are barred, in whole or in part, by Section III(A)(10), as amended by Endorsement No. 2 of the Allure Policy, which excludes coverage for any claim "based upon,

{N1491716.3}

arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by such Insured."

## TWELFTH AFFIRMATIVE DEFENSE
(Exclusion)

Plaintiffs' claims are barred, in whole or in part, by Section III (A)(11), as amended by Endorsement No. 5 of the Allure Policy, which excludes coverage for any claim "based upon, arising from, or in consequence of such Insured having gained in fact any profit, renumeration or financial advantage to which such Insured was not legally entitled."

## THIRTEENTH AFFIRMATIVE DEFENSE
(Exclusion)

Plaintiffs' claims are barred, in whole or in part, by Paragraph 2(f) of the Allure Policy which excludes coverage "for any Claim against an Insured for any actual or alleged violations of the responsibilities, obligations or duties imposed by the Federal False Claims Act or any similar federal, state or local statutory law or common law anywhere in the world, any federal, state, or local anti-kickback, self-referral or healthcare fraud and abuse law anywhere in the world, or amendments to or regulations promulgated under any such law."

## FOURTEENTH AFFIRMATIVE DEFENSE
(Cooperation)

Plaintiffs' claims are barred, in part, by Section VII (A)(3) of the General Terms and Conditions Section of the New Rivington Policy and Allure Policy, which requires that "All **Insureds** shall, as a condition precedent to exercising their rights under this Policy, give to the **Company** such information and cooperation as it may reasonably require…"

### FIFTEENTH AFFIRMATIVE DEFENSE
(Contract Terms, Exclusions, Conditions and Limitations)

Insuring Clause A, Individual Non-Indemnified Liability Coverage, of the Directors & Officers Liability Coverage secure of the Allure Policy has not been triggered by the underlying claims. Therefore, the Additional Limit of Liability Dedicated for Executives in the Allure Policy is not available.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

ERI has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. ERI reserve the right to amend or seek to amend its Answer and Affirmative Defenses.

### JURY DEMAND

ERI demands a jury trial of all issues and claims so triable.

Dated: New York, New York
June 17, 2019

London Fischer LLP

/s/ *Daniel London*
Daniel London (DL9718)
Attorneys for Defendant
Executive Risk Indemnity Inc. i/s/h/a Chubb
59 Maiden Lane, 41st Floor
New York, New York 10038
T: (212) 331-9483
E: dlondon@londonfischer.com

{N1491716.3 }